UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.G. a minor, *by and through his guardian ad litem Martha Gomez*,<br><br>Plaintiff,<br><br>v.<br><br>RICHLAND SCHOOL DISTRICT and KEVIN VARGA,<br><br>Defendants. | Case No.  1:26-cv-02234-KES-HBK<br><br>ORDER GRANTING APPLICATION TO APPOINT GUARDIAN AD LITEM<br><br>(Doc. 9) |

Petitioner Martha Gomez, through counsel, filed an application for the Court to appoint Martha Gomez as guardian ad litem for the minor Plaintiff, S.G., on May 7, 2026.  (Doc. 9).  In support, Petitioner submits her own declaration and the declaration of her attorney Goriune Dudukgian.  (Docs 9-1, 9-2).  The Court grants the application.

Federal Rule of Civil Procedure 17 provides for a representative of a minor to sue or defend on a minor's behalf.  Fed. R. Civ. P. 17(c).  Similarly, the Local Rules of this Court, in pertinent part, state:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present ... a motion for the appointment of a guardian ad litem by the Court, or ... a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

Local Rule 202(a).

Appointment of a guardian ad litem is not a mere formality because the guardian "is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation." *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986).  The purpose of the guardian ad item is to "safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).   A "guardian ad litem need not possess any special qualifications," but must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F.Supp.3d 1042, 1053-54 (E.D. Cal. 2015) (citations omitted).

The Court has considered the application of Martha Gomez for appointment as guardian ad litem for S.G., the minor Plaintiff.  Martha Gomez is not a party to the instant action.  (*See generally* Doc. 1).  She is the parent of S.G., and S.G. has been in her care and custody since he was born.  (Doc. 9-1).  The Court does not find any apparent conflict of interest or any other factors that demonstrate such appointment is not in the best interests of the minor Plaintiff.

Accordingly, it is **ORDERED**:

The application to appoint a guardian ad litem for the minor Plaintiff (Doc. 9) is **GRANTED** and Martha Gomez is appointed as Plaintiff S.G.'s guardian ad litem.

Dated:    May 26, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2